# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICO PAUL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-cv-2057-AGF |
| TRAVIS PACHECO, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Rico Paul, an inmate at the Potosi Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $5.08. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss all but plaintiff's individual capacity claims against defendant Travis Pacheco.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $25.41. The Court will therefore assess an initial partial filing fee of $5.08, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that if the essence of an allegation is discernible, the court should construe

the complaint in a way that permits the plaintiff's claim to be construed within the proper legal framework. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints must allege facts that state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against corrections officer Paul Pacheco, and Warden Troy Steele.[1] He states he sues the defendants in their official and individual capacities.

According to the complaint, on January 8, 2018 plaintiff was incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He was on suicide watch. He was attempting suicide by hanging himself from the metal bars on the window. Pacheco "walked up to the window as [plaintiff] was hanging by [his] neck, and walked away and let [him] hang, and walked out the wing as [he] passed out." (Docket No. 1 at 3). When plaintiff awoke, nurses were checking his vitals. He now must take Ibuprofen for neck and upper back pain, and engage in a spine conditioning program. Plaintiff alleges that Pacheco violated his Eighth Amendment rights. Plaintiff alleges that Steele is liable to him because he was responsible for prison operations and inmate welfare, and because he employed Pacheco, who was incompetent. He seeks declaratory and monetary relief.

## Discussion

Plaintiff's allegations against Steele fail to state a claim under § 1983. As indicated above, plaintiff does not allege that Steele was personally involved in or directly responsible for any allegedly unconstitutional conduct. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203,

---
[1] Plaintiff incorrectly spells this defendant's surname as "Steel."

1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). "[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Reynolds v. Dormire,* 636 F.3d 976, 981 (8th Cir. 2011) (quoting *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam)).

Plaintiff also alleges that Steele is liable to him because he was Pacheco's employer. Indeed, a supervisor can incur liability when his corrective inaction amounts to deliberate indifference or tacit authorization of an Eighth Amendment violation. *Schaub v. VonWald*, 638 F.3d 905, 924 (8th Cir.2011) (citing *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010)). However, plaintiff herein makes no such allegations. Steele cannot be held liable simply because he employed Pacheco. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). The Court concludes that plaintiff's allegations fail to state a claim upon which relief may be granted against Steele, and will therefore dismiss him from this action.

The Court now addresses plaintiff's allegations against Pacheco. Liberally construed, plaintiff's allegations establish that Pacheco knew plaintiff was a suicide risk. Plaintiff also alleges that Pacheco saw him hanging by his neck in an obvious suicide attempt, but simply walked away and let him hang. It is well established that the Eighth Amendment protects prisoners from deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). It is also well established that a risk of suicide by an inmate is a serious medical need. *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) (citing *Rellegert v. Cape Girardeau County*, 924 F.2d 794 (8th Cir. 1991)). The Court concludes that plaintiff has stated a plausible

4

Eighth Amendment claim against Pacheco in his individual capacity, and will therefore require him to respond to the complaint. However, the Court will dismiss plaintiff's official capacity claim against Pacheco. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.*

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.*

Having considered the relevant factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts or clearly present his claims. In addition, the motion is premature, as the defendant has yet to be served with process, and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $5.08 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that all of plaintiff's claims against defendant Troy Steele are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendant Travis Pacheco are **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendant Travis Pacheco in his individual capacity.

A separate order of partial dismissal will be entered herewith.

Dated this 13th day of February, 2019.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE