**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| RICO PAUL, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | )      Case No. 4:18-cv-02057 |
| | ) |
| TRAVIS PACHECO, et al., | ) |
| | ) |
| Defendant(s). | ) |

## Memorandum and Order

This matter calls upon the Court to determine the appropriate conduct correctional

officers must take to prevent inmates from committing suicide.  Plaintiff Rico Paul attempted to

commit suicide by hanging himself from a bedsheet that he tied to his cell door.  Paul claims that

Travis Pacheco, a correctional officer in the suicide unit where Paul had been placed, violated

the Eighth Amendment by failing to prevent his suicide attempt and brought a claim under 42

U.S.C. § 1983.  Pacheco now moves for summary judgment, arguing that the evidence does not

support that Pacheco's conduct amounted to deliberate indifference.

## I.      Background

Rico Paul, an inmate at the Eastern Reception, Diagnostic and Correctional Center at the

time of the events in question, brought a 42 U.S.C. § 1983 action against correctional officer

Paul Pacheco and Warden Troy Steele.  Doc. 1.  The Court dismissed all claims against Steele

and the official capacity claim against Pacheco, but found that Paul stated a plausible Eighth

Amendment deliberate indifference claim against Pacheco in his individual capacity.  Doc. 8.

The Court[1] later appointed Jeffrey Heater as counsel for Paul.  Doc. 27, 28.

Following a lengthy discovery process, Pacheco filed a motion for summary judgment.

Doc. 84.  After Paul failed to timely respond to Pacheco's motion, the Court ordered him to show

cause why the motion for summary judgment should not be granted.  Doc. 91.  Paul filed a

response to the Court's show cause order, doc. 92, and Pacheco filed his reply.  Doc. 93.  The

Court addresses the now-fully briefed motion below.

## II.      Uncontroverted material facts

Pacheco, in accordance with the Court's Local Rules, submitted a Statement of

Uncontroverted Material Facts.  Doc. 86.  Paul opposes Pacheco's motion for summary

judgment, but did not respond to Pacheco's facts in accordance with the Federal Rules of Civil

Procedure and the Court's Local Rules.

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides the procedures for

supporting factual positions:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the
> assertion by:

>> (A) citing to particular parts of materials in the record, including
>> depositions, documents, electronically stored information, affidavits or
>> declarations, stipulations (including those made for purposes of the motion
>> only), admissions, interrogatory answers, or other materials; or

>> (B) showing that the materials cited do not establish the absence or presence
>> of a genuine dispute, or that an adverse party cannot produce admissible
>> evidence to support the fact.

Relatedly, Rule 4.01(E) of this Court's Local Rules provides:

> (E) Every memorandum in support of a motion for summary judgment must be
> accompanied by a document titled Statement of Uncontroverted Material Facts . . .
> Every memorandum in opposition must be accompanied by a document titled

---

[1] The Honorable Audrey G. Fleissig.

Response to Statement of Material Facts…. The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts. *All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.*

E.D. Mo. L.R. 4.01(E) (emphasis added).

Paul failed to follow these rules. Based on this failure, the Court must now address Jeffrey Heater's service as Paul's counsel. The Court greatly values the attorneys in this district who volunteer for pro bono appointments. And, taking the wisdom of Teddy Roosevelt to heart, the Court would not dare disparage "the man who stepped into the arena . . . who strives valiantly; who errs, who comes short again and again, because there is no effort without error and shortcoming; but who does actually strive to do the deeds[.]" President Theodore Roosevelt, *Citizenship in a Republic: the Man in the Arena* (April 23, 1910). But Heater never stepped into the arena. Time and time again, he disregarded the Court's deadlines and failed to engage in discovery. *See, e.g.*, docs. 37, 44, 47, 91. The Court even had to issue a specific order instructing him to meet with Paul. Doc. 41. Heater's dereliction of duty resulted in Pacheco filing a motion for sanctions and Paul himself seeking to have Heater removed as his attorney. Docs. 62, 80. Based on Heater's representations and actions indicating that he just may yet adequately represent Paul, Pacheco withdrew his motion for sanctions and the Court denied Paul's request to remove Heater. Docs. 79, 83.

By failing to respond in any way to Pacheco's Statement of Unconverted Material Facts, or offer Paul's own Statement of Unconverted Material Facts, Heater delivered the coup de grace to his representation of Paul. Paul's case involves a serious matter worthy of proper representation and a well-developed factual record. Accordingly, the Court denies [84] the

motion for summary judgment, appoints Paul new counsel, *see* doc. 95, orders Heater to

withdraw as counsel of record upon transfer of Paul's case file, and will open discovery for a

period of 90 days.  Any discovery motions must be filed no later than 11 days before the close of

discovery.  All dispositive motions must be filed no later than 30 days after the close of

discovery.

So Ordered this 14th day of June 2021.


SL R. CR

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**