**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| RICO PAUL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Cause No.: 4:18-cv-02057-SRC |
| | ) |
| TRAVIS PACHECO, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S TRIAL BRIEF

COMES NOW Plaintiff Rico Paul, by and through his undersigned counsel, and states as follows:

- **Procedural History**

The original complaint in this matter was filed on December 10, 2018 (R.Doc. 1). An amended complaint was filed on August 25, 2021 (R.Doc. 107). The matter was fully brief for summary judgment (R.Docs. 124, 129, 134). On June 10, 2022, the Court partially granted Defendants' motion for summary judgment (R.Doc. 156).

Plaintiff Rico Paul is proceeding to a jury trial on a single count of "deliberate indifference and failure to protect" against Defendant Travis Pacheco.

- **Factual Assertions**

At trial Plaintiff intends to present evidence that on January 8, 2018, Plaintiff Rico Paul was an inmate at Eastern Diagnostic Reception Correctional Center in Bonne Terre, Missouri. Plaintiff Paul was placed on suicide watch following a self-harm incident earlier in the day. Suicide-watch cells are bare cells that contain a camera, sink, bed, and toilet. When inmates are placed in the suicide-watch cell, they are not allowed to bring any items with them. Missouri

Department of Corrections procedures require a correctional officer to check the inmate's cell within a time interval to ensure inmates are safe.

Defendant Correctional Officer Travis Pacheco was a correctional officer responsible for checking on inmates placed on suicide-watch on this day, including inmate Plaintiff Rico Paul. While on suicide-watch, and allegedly under the supervision of the Defendant, Plaintiff Paul was able to obtain a torn blanket from another inmate who was cleaning the hall. Once he obtained the blanket, Paul tied the blanket to the grates on cell-door window, put his neck through the noose made, and hung himself in a suicide attempt. Correctional Officer Pacheco should have been checking the cells, including that of Plaintiff. The evidence will show that Defendant looked in Paul's cell and walked away, claiming Paul was safe. This occurred all while inmates were requesting him to check on Paul. It wasn't until inmates were able to get the attention of another correctional officer, Nathan Roney, that Paul received medical attention.

The evidence in this case will show that Correction Officer Pacheco was aware Paul was a risk to himself, was responsible for ensuring Paul's safety, and in an act of deliberate indifference delayed getting Paul the necessary medical attention necessary after his hanging.

- **Anticipated Substantive or Procedural Problems**

(1)     Video - There was a video of the incident which no longer exists. Plaintiff anticipates requesting a negative inference instruction after evidence is adduced regarding the timeline regarding the handling of his request to preserve this evidence. Plaintiff anticipates the Defendant will object to such an instruction.

**(2)**     Discovery in this case was produced subject to a protective order. Certain exhibits Plaintiff intends to utilize at trial are subject to this order. The parties are actively attempting to resolve how that evidence must be handled at trial.

          Respectfully submitted,

          NEWTON BARTH, L.L.P

By:    s/ *Talmage E. Newton IV*
       Talmage E. Newton IV, 56647MO
       talmage@newtonbarth.com
       Emily Harvatin, 73745MO
       emily@newtonbarth.com
       555 Washington Ave., Ste. 420
       St. Louis, Missouri 63101
       (314) 272-4490 – Office

       *Attorneys for Plaintiff Paul*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically served on all parties of record via the court's e-filing System on this 25th day of July, 2022.

          *s/ T. E. Newton IV*